Blake S. Atkin # 6903
ATKIN LAW OFFICES, P.C.
7579 North West Side Highway
Clifton, Idaho  83228
Telephone: (801) 533-0300
Email: blake@atkinlawoffices.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Fredrick Jeresun Atkin, <br><br> Plaintiff, <br><br> v. <br><br><br> The City of South Ogden, Utah, <br> The City of Ogden, Utah, <br> The City of Riverdale, Utah, <br> Christopher Freestone, <br> John Does 1 through 10. <br><br><br> Defendants. | **COMPLAINT** <br><br> Civil No. 1:20-cv-00102-CMR <br><br><br> Judge:  Cecilia M. Romero <br><br> Jury Trial Demanded |

## PARTIES

Fredrick Jeresun Atkin is the putative personal representative of the Plaintiffs in this case who consist of Jolene Wardle, mother of the decedent, and Jody Atkin, father of the decedent and, Fredrick Jeresun Atkin, Jade Lorene Atkin, AEL, children of the decedent.

1. The City of South Ogden is a political subdivision of the State of Utah.

2. Christopher Freestone at all relevant times was a police officer in the employ of Defendant City of South Ogden.

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to 28 USC § 1331 (Federal Question), and § 1343 (civil rights 42 USC § 1983) and the Court's supplemental jurisdiction (28 USC § 1367).  Venue is proper in this Court under 28 USC§ 1391 because one or more of the Defendants reside in this district and the events giving rise to these claims occurred within this Judicial District.

## <u>FACTS</u>

1.  In the early morning hours of December 27, 2019, Plaintiffs' decedent Fredrick Jeremy Atkin was driving his red mustang along the streets of Ogden, Utah and surrounding cities of Riverdale and South Ogden.

2. Police from Ogden City initially began monitoring Jeremy and attempted to pull him over for minor traffic violations.  He ignored the police efforts to pull him over.

3. Police continued to monitor his travel but determined that he was not a safety threat and that they would continue to monitor him.

4. He continued his aimless travel through the mostly abandoned city streets.

5. He passed from Ogden into Riverdale where officers from that jurisdiction picked up the monitoring.  As had done the officers from Ogden, officers from Riverdale determined that his driving was not sufficiently fast or erratic to justify forcing him to stop when he ignored lights and sirens.

6. Police continued to follow and monitor him.

7. He then entered the jurisdiction of South Ogden.

8. Police from South Ogden took up the pursuit.

9. For over 45 minutes police followed, monitored, and tried to pull Jeremy over.

10. Officer Freestone from South Ogden, using a bull horn ordered Jeremy to stop.

11. Repeatedly, using course profanity, Officer Freestone ordered Jeremy to stop the f_ _ _ _ _ _ car.  Jeremy continued to ignore the police.

12. Finally, police boxed Jeremy in, and he was forced to bring his red mustang to a halt.

13. Officer Freestone pulled his cruiser up behind Jeremy's car.  Jeremy remained inside.

14. Officer Freestone got out of his cruiser, ran up beside Jeremy's car, reached through the open passenger window and mortally shot Jeremy.

15. John Does 1 through 10 removed Jeremy from the car and before attempting any first aid spent precious moments handcuffing Jeremy.

16. Jeremy died before reaching the hospital.

17. The actions of Defendants were willful and malicious and manifested a knowing and reckless indifference toward the rights of Jeremy Atkin.


## FIRST CAUSE OF ACTION

1. Defendant Officer Freestone was at all times relevant hereto acting under color of state law.

2. At the time he used deadly force Officer Freestone did not have probable cause to believe that Jeremy posed a threat of serious physical harm to himself or others.

3. Jeremy was not being pursued because he had committed any crime.

4. As demonstrated by the length of time police officers followed Jeremy through the streets in the early morning of  December 27, 2019, and indeed the communications of the officers involved it is clear that Jeremy Atkin did not pose a threat to himself or others that early morning.

5.  Any potential threat to himself or others that morning was further minimized when he brought his car to a stop at the point of the incident.

6.  There was no need for police to use deadly force to effectuate the arrest of Jeremy Atkin.

7.  The use of deadly force to effect an arrest is a violation of the rights of a non-violent suspect even if that suspect were suspected of having committed a felony.

8.  Here there was no felony.

9.  As can be seen from the angry profanity used by Officer Freestone prior to the stop, Officer Freestone was animated by hatred and anger when he went up to the passenger window and shot Jeremy dead.

10.  Officer Freestone actions deprived Jeremy of life and a liberty interest without due process of law, in violation of the Fifth and/or Fourteenth Amendments of the U.S. Constitution.

11.  Officer Freestone's actions violated Jeremy's clearly established constitutional rights of which he was or should have been aware.

12.  As a direct and proximate result of Defendants' actions Jeremy suffered pain and emotional distress and has caused pain and suffering to Plaintiffs and Plaintiffs have had to retain counsel.

### SECOND CAUSE OF ACTION

13.  John does 1 through 10 owed a duty to Jeremy to use reasonable care to administer first aid and obtain emergency assistance to Jeremy after he was fatally shot by officer Freestone.

14. John Does 1 through 10 were negligent in delaying first aid or other treatment of Jeremy after Officer Freestone shot him and while they were intent on handcuffing the mortally injured man.

15. As a direct and proximate result of the negligence of John Does 1 through 5 Jeremy Atkin died.

### THIRD CAUSE OF ACTION

16. Officer Freestone's conduct was pursuant to and consistent with established policy, practice and custom of Defendant City of South Ogden.

17. The cities of Ogden, Riverdale and South Ogden had a duty to train their officers to comply with the civil rights of citizens and to perform duties toward injured citizens in a non-negligent fashion.

18. The cities failed in that training duty.

19. The actions of Office Freestone and John Does 1 through 10 were pursuant to a policy, practice, and/or custom that consists of  condoning the use of deadly weapons by police officers and not adequately following up incidents of death or serious bodily injury through the use of deadly force and without requiring the consideration of less-lethal alternatives, and without providing proper training and supervision regarding the reasonable, and appropriate use of deadly force and proper administration of aid.

20. Defendants were deliberately indifferent toward the proper training, arming, and supervision and discipline of its officers.

21. Jeremy suffered pain and injury as the direct and proximate result of Defendants actions.   The damages sustained by Plaintiffs are the direct and proximate result of the actions by the Defendants.

22. Plaintiffs have had to retain legal counsel.

23. The cities' failure to train reflects a deliberate indifference on the part of the cities to the constitutional rights of its citizens.

24. One or more of the cities also showed a deliberate indifference to the rights of inhabitants through other actions as well including but not limited to a pattern of misconduct by police officers.

25. As a direct and proximate result of that failure of training on the part of one or more of the cities, Jeremy Atkin is dead and Plaintiffs have been deprived of his love support and friendship.

## **FOURTH CAUSE OF ACTION**

26. The actions of Defendants violated Jeremy's rights secured by Article I, Section 1 of the Utah Constitution ("All men have the inherent and inalienable right to enjoy and defend their lives and liberties; to acquire, possess and protect property")

27. The actions of Defendants violated Jeremy's rights secured by Article I, Section 7 of the Constitution of the State of Utah ("No person shall be deprived of life, liberty or property, without due process of law.")

28. The actions of Defendants violated Jeremy's rights secured by Article I, Section 14, ("The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated.")

29. As a direct and proximate result of Defendants' actions Plaintiffs have been damaged in an amount to be proved at trial.

30. In order to remedy Defendants' unconstitutional conduct, Plaintiffs have had to retain counsel.

31. Plaintiffs reserve the right to amend this complaint to add additional claims against Defendants after Plaintiffs have complied with the requirements of the Utah Governmental Immunity Act.

Dated this 10th day of August, 2020.

Atkin Law Offices, P.C.

/s/ Blake S. Atkin

_____

Blake S. Atkin
Attorneys for the Plaintiffs

**Jury Trial Demand**
**Plaintiffs demand trial by jury**